# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br> vs. <br><br> TREND MICRO INCORPORATED, <br><br> Defendant. | Civil Action No. 6:13-cv-798 <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT TREND MICRO INCORPORATED'S ANSWER AND COUNTERCLAIMS

Defendant Trend Micro Incorporated ("Trend" or "Defendant"), for its Answer and Counterclaims to the Complaint for Patent Infringement ("Complaint") of Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") in this action, states as set forth below.  The paragraphs below correspond to the paragraphs with the same number in the Complaint.  Trend denies all allegations set forth in the Complaint not otherwise expressly admitted herein.

### PARTIES

1. Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and, accordingly, denies the same.

2. Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and, accordingly, denies the same.

3. Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and, accordingly, denies the same.

4. Trend is without knowledge or information sufficient to form a belief as to whether it does business in the Eastern District of Texas, and, accordingly, denies the same. Trend admits the remaining allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Trend admits that the Complaint purports to be an action that arises under the patent laws of the United States, Title 35 of the United States Code. Trend admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 1367 to adjudicate actions arising under the patent laws of the United States. Trend denies it has committed any act that would give rise to any cause of action asserted in the Complaint.

6. Trend denies the allegations contained in paragraph 6 of the Complaint. .

7. Trend denies the allegations contained in paragraph 7 of the Complaint.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,490,216

8. Trend incorporates its responses to the allegations contained in paragraphs 1 through 7 above.

9. Trend admits that on its face, U.S. Patent No. 5,490,216 (the "'216 patent") indicates that it is entitled "System for Softward Registration." Trend also admits that Exhibit A to the Complaint appears to be a copy of the '216 patent. Trend is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and, accordingly denies the same.

10. Trend is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and, accordingly denies the same.

11. Trend denies that the '216 patent was duly and legally issued after a full and fair examiniation. Trend denies that the '216 patent is vailid and enforceable. Trend denies the remaining allegations of Paragraph 11 of the Complaint.

12. Trend denies the allegations contained in paragraph 12 of the Complaint.

13. Trend denies the allegations contained in paragraph 13 of the Complaint.

14. Trend denies the allegations contained in paragraph 14 of the Complaint.

15. Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and, accordingly denies the same.

## UNILOC'S PRAYER FOR RELIEF

Trend denies that Uniloc is entitled to the relief set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

16. Trend incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these affirmative defenses, Trend does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Trend reserves the right to amend this Answer with additional defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

17. Trend has not directly infringed and is not directly infringing any valid claim of the '216 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

18. The '216 patent is invalid, unenforceable, and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112 thereof.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

19. By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the applications that led to issuance of the '216 patent, this patent is so limited that none of its claims can be properly construed as covering any activity of Trend.

## FOURTH AFFIRMATIVE DEFENSE
### (Issue Preclusion/Collateral Estoppel)

20. Uniloc is precluded from re-litigating any issue on which there was a finding adverse to it in any prior litigation.

## FIFTH AFFIRMATIVE DEFENSE
### (Use/Manufacture By/For United States Government)

21. To the extent that any accused product or method has been used or manufactured by or for the United States, Uniloc's claims and demands for relief are barred by 28 U.S.C. § 1498.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalid Claim)

22. Uniloc is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

23. Uniloc's claim for damages, if any, for alleged infringement, if any, of the '216 patent are limited by 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE
### (License)

24. To the extent Trend is found to infringe, it has express or implied license by virtue of the license Uniloc granted to Microsoft and/or other licensees.

### NINTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion)

25. To the extent Trend is found to infringe, Uniloc's claims are barred by the doctrine of patent exhaustion by virtue of the license Uniloc granted to Microsoft and/or other licensees.

### TENTH AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

26. The allegedly infringing products and/or services provided by Trend have substantial non-infringing uses and therefore do not contribute to the infringement of the asserted claims of the '216 patent.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Laches, Acquiescence and Waiver)

27. Uniloc's claims for relief are barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, and/or waiver due to the unreasonable delay in bringing this action.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

28. On information and belief, Uniloc lacks standing to assert claims for infringement of the '216 patent.

## COUNTERCLAIMS

Defendant Trend, Inc. ("Trend"), for its counterclaims against Uniloc, state as set forth below.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the following Counterclaims under 28 U.S.C. §§2201, 2202, and 1338(a).

2. This Court has personal jurisdiction over Uniloc because it filed the Complaint in this action.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c), and because Uniloc commenced this action in this District.

## THE PARTIES

4. Trend is a corporation organized and existing under the laws of the State of California, with its principal place of business at 10101 N. DeAnza Boulevard, Cupertino, California 95014.

5. In its Complaint, Counter-Defendant Uniloc USA, Inc. asserts that it is a Texas corporation having its headquarters and principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.

6. In its Complaint, Counter-Defendant Uniloc Luxembourg S.A. asserts that it is a Luxembourg public limited liability company having a principal place of business at 75, Boulevard Grande Duchesse Charlotte, L-1331, Luxembourg.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

7. Trend repeats and realleges the foregoing paragraphs, as if fully set forth herein.

8. Uniloc alleges in its Complaint that it owns all right, title, and interest in and to U.S. Patent No. 5,490,216 (the "'216 patent").

9. Uniloc, by its Complaint, has charged Trend with direct infringement of the '216 patent.

10. Trend denies any infringement and is not directly infringing any claim of the '216 patent.

11. Trend seeks a judicial declaration that it does not directly infringe any valid claim of the '216 patent.

12. There exists, therefore, an actual controversy between Uniloc and Trend with respect to the '216 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

13. Trend repeats and realleges the foregoing paragraphs, as if fully set forth herein.

14. The '216 patent is invalid and unenforceable for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112 thereof.

15. Trend seeks a judicial declaration that the '216 patent is invalid and/or unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Trend respectfully prays for judgment against Uniloc as follows:

1. Dismissing with prejudice the Complaint against Trend;

2. Declaring that Trend does not directly infringe any valid claim of the '216 patent;

3. Declaring that the '216 patent is invalid, unenforceable, and/or void;

4. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Trend its attorneys' fees;

5. Awarding to Trend its costs and disbursements of this action; and

6. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Trend hereby demands a jury trial on all issues so triable.

Dated: December 16, 2013  Respectfully submitted,

*/s/ Jennifer Klein Ayers*
Jennifer Klein Ayers
Texas Bar No. 24069322
jennifer.ayers@klgates.com
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: 214.939.5500
Facsimile: 214. 939.5849

Bryan J. Sinclair (*Pro Hac Vice*)
bryan.sinclair@klgates.com
Jeffrey M. Ratinoff (*Pro Hac Vice*)
jeffrey.ratinoff@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA 94304
Telephone: 650.798-6700
Facsimile: 650.798-6701

**ATTORNEYS FOR DEFENDANT TREND MICRO INCORPORATED**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 16, 2013.  Any other counsel of record will be served by facsimile transmission or by first class mail.

*/s/ Jennifer Klein Ayers*
Jennifer Klein Ayers